# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRUSTEES OF THE CONSTRUCTION INDUSTRY, *et al.*,

        Petitioners,

vs.

AMAZON CONSTRUCTION CORPORATION, *et al.*,

        Respondents.

Case No. 2:12-cv-1600-JCM-GWF

**ORDER**

    This matter comes before the Court on Petitioners' Verified Petition for Pre-action Discovery (#1), filed on September 11, 2012. Petitioners are fiduciaries for the purposes of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and provide various benefits to employees of employers that have entered into a collective bargaining agreement ("Agreement") with the Laborers International Union of North America, Local No. 872 ("Union"). Petitioners allege that Respondent Hedgehunters, Inc. ("Hedgehunters") is an alter ego of Respondent Amazon Construction Corporation ("Amazon") for the purposes of allowing Amazon to circumvent its obligations to Petitioners under its Agreement with the Union.

    According to Petitioners, Amazon is a construction company that performs pool installation and landscaping, and is obligated by its Agreement to pay contributions to Petitioners on behalf of Amazon's employees. Hedgehunters is also a construction company that performs pool installation and landscaping, but is not obligated to make contributions to Petitioners under an Agreement with the Union. Petitioners hinge their allegation that Hedgehunters is an alter ego of Amazon for the purposes of avoiding Amazon's obligations to Petitioners on several bases. First, Amazon and Hedgehunters have the same contractors' licensing classifications, i.e., for pool construction and landscaping.

Second, several officers of Amazon are also officers for Hedgehunters, and Hedgehunters' president and Amazon's secretary are married and own property together. Petitioners also allege that at least two employees of Amazon have been working at the same project, but have received remuneration some days from Amazon at Union wages, and some days from Hedgehunters at a lower rate. Based on the above, Petitioners have determined it is necessary to commence an action against Amazon and Hedgehunters to collect contributions owed to Petitioners.

Petitioners assert, however, that they "cannot commence such action at the present time" because Petitioners "lack specific information" that would "confirm or refute the alter ego relationship between Amazon and Hedgehunters[.]" (#1 at 5). Citing Federal Rule of Civil Procedure 27, Petitioners seek pre-action discovery "to establish the business relationship and common ownership and control" of Amazon and Hedgehunters, and "the extent to which Amazon and Hedgehunters may owe additional contributions to [Petitioners]." (#1 at 5). Petitioners therefore request this Court to permit Petitioners to depose various officers of Amazon and Hedgehunters, and to obtain Amazon's employment and financial documents "sufficient to establish the relationship" between Amazon and Hedgehunters. (#1 at 6).

Rule 27 permits a party to perpetuate testimony before an action is filed if the petitioner shows (a) that it expects to be a party in an action it cannot presently bring; (b) the subject matter of the expected action; (c) the facts the petitioner seeks to establish by testimony and the reasons to perpetuate it; (d) the names or a description of the persons the petitioner expects to be adverse parties; and (e) the name, address, and expected substance of the testimony of each deponent. Fed. R. Civ. P. 27(a)(1). The grant or denial of a petition to preserve testimony under Rule 27 is within the discretion of the Court. *Nevada v. O'Leary*, 151 F.R.D. 655, 657 (D. Nev. 1993). The rule was intended to apply where testimony might be lost to a prospective litigant, unless taken immediately before commencing a suit or other legal proceeding. *Id.* Rule 27 is not designed to allow a party with insufficient bases for an action to discover additional support. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961). Such use would be an abuse of the rule. *Id.*

The Court will not grant the instant petition because Petitioners have not demonstrated the desired testimony will be lost unless it is taken immediately. Based on the allegations of the Petition,

there appears to be a sufficient basis to file a complaint against Amazon, and potentially against Hedgehunters.  Petitioners could then appropriately conduct discovery to attempt to establish the relationship between Amazon and Hedgehunters.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioners' Verified Petition for Pre-action Discovery (#1) is **denied.**

DATED this 21st day of September, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge